**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHRIS CADE, | : | |
| | : | Civil Action |
| Plaintiff, | : | 1:06-CV-0346 (RBK) |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| TROOPER C. NEWMAN, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

    CHRIS CADE, pro se
    Cape May County Correctional Facility
    Cape May Court House, New Jersey 08210

**ROBERT B. KUGLER, District Judge**

Plaintiff Chris Cade (hereinafter "Plaintiff") currently confined at the Cape May County Correctional Facility, Cape May, New Jersey, seeks to bring this 42 U.S.C. § 1983 action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Plaintiff submitted his affidavit of indigence and institutional account statement pursuant to 28 U.S.C. § 1915(a) (1998). Plaintiff also submitted for filing his complaint (hereinafter "Complaint").

Page -1-

Complaint, drafted on January 24, 2006, asserts that Plaintiff was subjected to search and seizure without probable cause thus challenging the grounds for Plaintiff's arrest and/or indictment which took place on December 6, 2005, or shortly thereafter.[1]  See Compl. §§ 12-28.  Complaint consists of five chapters, namely, "Statement of the Case," "Jurisdiction of the Court" (asserting eight grounds for jurisdiction), "Parties Count" (listing three parties), "Allegations of Complaint" (consisting of nineteen detailed paragraphs) and "Relief Requested" (stating five forms of relief, including monetary damages and injunctive relief, i.e., "an injunction requiring [arresting officers] to vacate the[ir] criminal complaint against Plaintiff").  See Compl. §§ 31-35.

Complaint is silent as to whether Plaintiff's trial on the charges that resulted from Plaintiff's arrest has taken place, and whether any appellate actions have been taken.  See generally, Compl.  Complaint , however, clarifies that "Plaintiff . . . is currently an inmate [and] his address is . . . Cape May Court House," id. § 11, thus prompting the Court to conclude that

---

[1] Complaint alleges that Plaintiff's arrest was unwarranted since Plaintiff, when approached by arresting officers, did not have any controlled substance in his possession but rather was in a company of another person who was in possession of drugs, attempted to pass the drugs to Plaintiff, dropped the drugs on the ground next to Plaintiff and tried to run away.  Complaint further alleges that the arresting officers engaged Plaintiff in an improper line of questioning and presented Plaintiff with a procedurally deficient criminal complaint.

Plaintiff's trial lie ahead in view of: (1) the time-line of events, i.e., the date of Plaintiff's arrest and the date of his execution of Complaint, (2) Plaintiff's current location, and (3) Plaintiff's request for a vacatur of criminal complaint filed by the arresting officers against Plaintiff.

## DISCUSSION

**A.   Standard of Review**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous."  Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.  However, in determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all

of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id. Thus, "[a] pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

**B.   Abstention Doctrine**

The doctrine of abstention which has developed since Younger v. Harris, 401 U.S. 37, "espouse[s] a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). "Younger abstention," as the Court's teaching is known, "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." Evans v. Court of Common Pleas, Delaware County, Pa., 959 F.2d 1227, 1234 (3d Cir. 1992), cert. dismissed, 506 U.S. 1089 (1993). Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding. See id.

The specific elements of the Younger abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989). All three Younger criteria are met in the case at hand. First, Plaintiff's claim concerns the separate pending criminal case. Second, based upon the fact that Plaintiff is attempting to raise issues concerning the validity of his arrest and pre-trial incarceration, the proceeding clearly implicates important state interests. Third, the State forum affords Plaintiff an adequate opportunity to raise his federal law issues, such as his key claim about arrest without probable cause.[2] See Compl. §§ 12-17.

Exceptions to the Younger doctrine exist where irreparable injury is "both great and immediate," Younger, 401 U.S. at 46, where the state law is "flagrantly and patently violative of express constitutional prohibitions," id. at 53, or where there is a showing of "bad faith, harassment, or . . . other unusual circumstances that would call for equitable relief." Id. at 54.

---

[2] Plaintiff has not asserted that he is unable to present his federal claims in his related state court proceedings. Thus, this Court may assume that the state procedures will afford an adequate remedy. See Kelm v. Hyatt, 44 F.3d 415, 420 (6th Cir. 1995) (citing Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 17 (1987)) ("Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff.")

These exceptions are to be narrowly construed. See Loftus v. Township of Lawrence Park, 764 F. Supp. 354, 357 (W.D. Pa. 1991). Thus, "only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction . . . is federal injunctive relief against state prosecutions appropriate." Perez v. Ledesma, 401 U.S. 82, 85 (1971). Plaintiff has not asserted any circumstances that would bring the case at bar within any of the narrow exceptions to the Younger doctrine.

Moreover, Plaintiff has requested injunctive relief that would clearly interfere with the pending state court criminal proceeding. Dismissal of such a claim for relief is plainly warranted. Furthermore, Plaintiff also seeks to recover monetary relief in the form of compensatory and punitive damages. The Court of Appeals for the Third Circuit has recognized that claims for damages which would imply the invalidity of a conviction on pending criminal charges are not cognizable. See Smith v. Holtz, 87 F.3d 108, 113 (3d Cir.1996). As the Holtz Court made clear:

> [Section] 1983 actions are subject to the "hoary principle" that civil tort actions are not the appropriate vehicle for challenging the validity of convictions and sentences. The express objectives of this holding were to preserve consistency and finality, and to prevent "a collateral attack on [a] conviction through the vehicle of a civil suit." . . . We find that these concerns apply equally to claims that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge. A claim

> by a defendant in an ongoing criminal prosecution which necessarily challenges the legality of a future conviction on pending criminal charge lies at the intersection of the federal habeas corpus statute and the Civil Rights Act of 1871. If such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit.

Holtz, 87 F.3d at 113 (emphasis removed).

Thus, dismissal of claims for monetary relief under federal causes of action, which necessarily depend on the outcome of the ongoing criminal cases, is both warranted and mandatory in view of the Third Circuit's pronouncement. Moreover, the Court in Guerro v. Mulhearn, 498 F.2d 1249, 1254 (1st Cir. 1974), also squarely addressed the issue of abstention where there exists an ongoing state criminal proceeding, stating:

> In any event, whatever cost to the litigant may be involved, there is an overriding cost that is avoided. Damage to the smooth operation of the administration of criminal justice, injury to the proper workings of a federal system, and undermining of congressional concern with the functioning of the writ of habeas corpus-all are harms which are prevented by the requirement that a civil rights damage action be deferred.

It would be indeed an improper interference with the pending state criminal court proceeding if this Court were to award Cade damages based upon his claim of constitutional rights violations. The adjudication of Plaintiff's constitutional claims in this instant civil right action would require this Court to rule upon issues relevant to the disposition of the state criminal charges,

thereby impermissibly interfering in the pending state criminal proceeding. As explained in Clark v. Zimmerman, 394 F.Supp. 1166, 1174 (M.D. Pa. 1975):

> To allow state criminal defendants to litigate their constitutional claims in civil rights suits for money damages before completion of the state criminal process would invite a flanking movement against the system of state courts by resort to the federal courts to litigate constitutional defenses in civil rights damage actions, thereby subverting the orderly functioning of the state criminal process.  Such suits would introduce an element of uncertainty in state criminal proceedings and would expose every state criminal justice system to insupportable disruption.

Accordingly, Plaintiff's claims with respect to the grounds for his arrest and indictment should be dismissed without prejudice.  The application of the Younger doctrine of federal non-intrusion in the state criminal process, along with the principle that constitutional issues relevant to the disposition of pending state criminal charges cannot be adjudicated in a federal civil rights damage action, necessitates dismissal of Plaintiff's claim.

**CONCLUSION**

Based on the foregoing, the Court grants Plaintiff's application to file the Complaint without prepayment of the filing fee and dismisses the Complaint without prejudice.

An appropriate Order accompanies this Opinion.

                                      S/Robert B. Kugler
                                      **ROBERT B. KUGLER**
                                      **United States District Judge**

Dated: _March 17, 2006